JOURNAL ENTRY AND OPINION
{¶ 1} On March 20, 2009, Devon Mitchell filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v.Mitchell, Cuyahoga App. No. 88977, 2007-Ohio-6190. In that opinion, we affirmed his conviction for kidnapping, compelling prostitution, and attempted compelling prostitution. For the following reason, we decline to reopen Mitchell's appeal:
 {¶ 2} App. R. 26(B)(1) provides, in part: "An application for reopening shall be filed *** within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(2)(b) requires *Page 3 
that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 3} This court's decision affirming applicant's conviction was journalized on December 12, 2007. However, Mitchell did not file his application for reopening until March 20, 2009, clearly in excess of the ninety-day limit.
 {¶ 4} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App. R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Fears failed to demonstrate good cause for failing to file a timely application.
 {¶ 5} In his application, Mitchell argues that his counsel failed to inform him in a timely manner of the outcome of his appeal. Attached to his application is a letter from counsel dated May 14, 2008 which recommends that Mitchell file an application for reopening. This failure to properly notify him in a timely manner, Mitchell contends, constitutes good cause for his untimely filing. However, this court has consistently found that the failure of appellate counsel to communicate with his client does not constitute good cause. State v. Morgan (Mar. 16, 1989), Cuyahoga App. No. 55341, reopening disallowed,2007-Ohio-5532, Motion No. 397723; State v. Gross, Cuyahoga App. No. 76836, 2005-Ohio-1664, at 2-5. Moreover, even if this *Page 4 
court would deem Mitchell's lack of communication as good cause, such good cause does not exist for an indefinite period of time. State v.Blackshaw (May 29, 1997), Cuyahoga App. No. 70829, reopening disallowed, 2004-Ohio-3466, Motion No. 353608. Based upon the date Mitchell claims he received notice of the status of his appeal, his application for reopening is still untimely. As a consequence, Mitchell has not met the standard for reopening.
 {¶ 6} Accordingly, the application for reopening is denied.
KENNETH A. ROCCO, P.J., and JAMES J. SWEENEY, J., CONCUR *Page 1