JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Larry Bess ("appellant"), appeals the trial court's admission of other acts evidence at trial. For the reasons set forth below, we affirm.
 {¶ 2} On November 2, 1989, the state filed an indictment against appellant on ten counts. Counts one through three alleged rape in violation of R.C. 2907.02. Counts four through ten alleged gross sexual imposition in violation of R.C. 2907.05. The trial court issued a capias for appellant on November 30, 1989, which remained effective until March 18, 2007 when appellant was taken into custody. On March 20, 2007, appellant pled not guilty to all charges in the indictment.
 {¶ 3} The case proceeded to trial on March 25, 2008. A summary of the testimony as it pertains to this appeals follows.
 {¶ 4} L.O.[1], the victim, testified that the first incident of sexual abuse occurred while she lived with her brother ("A.O."), mother and appellant at Sunrise Cove Condominiums. She explained that she was about six years old when appellant instructed her to remove her panties. She was laying on the floor behind the couch drawing and wearing her pink nightgown She complied with appellant's order and he touched her vagina. At that time, her mother was not home and her brother was sitting on the couch in the living room watching television. L.O. also testified that at the time of the alleged sexual assault, appellant did not say anything to her during the assault because he did not want her brother, who was still on the couch, to know of the assault. L.O. did not tell anyone of the incident at that time because, due to *Page 4 
her young age, she did not realize the unlawfulness of the actions.
 {¶ 5} L.O. testified that the next incident occurred also while she was about six years old at the Sunrise Cove Condominiums. Her brother was playing outside and her mother was not home. Appellant told L.O. to put his penis in her mouth. L.O. was unable to comply with appellant's request due to the size of the appendage. As a result, L.O. testified, appellant proceeded to masturbate in front of her and then ejaculated in her mouth. Again, she told no one of the occurrence.
 {¶ 6} The next incident occurred when L.O., her mother, her brother and appellant resided in a house on Greenwood Oval located in North Royalton. Appellant and L.O. were in the living room when he laid her on an ottoman and kneeled on the floor in front of her. She explained that her pants were removed and appellant engaged in sexual intercourse with her. L.O. testified that she was only nine years old at the time and appellant was only able to penetrate her partially as the intercourse was painful. At the time of the incident, L.O.'s mother was not home and L.O. does not recall the whereabouts of A.O. but remembers he was not in the room when the alleged sexual assault occurred.
 {¶ 7} L.O. recalled another incident at the Greenwood Oval house when appellant put her on the couch in the master bedroom and kneeled in front of her. This time, he provided her with a pornographic magazine while he attempted to penetrate her.
 {¶ 8} Additionally, L.O. remembered an incident at the Greenwood Oval residence when appellant laid her down on the ground in the hallway and inspected *Page 5 
her vagina. She explained that he used his fingers to look at her vagina and stated "You can't even tell." L.O. also claimed that appellant also had the dog lick her vagina but is unsure whether the incident with the dog occurred at the same time he inspected her vagina. Again, L.O.'s mother and brother were not present at the time of the assault.
 {¶ 9} Another incident occurred when appellant made L.O. and A.O. lie in front of the fireplace with bare buttocks. Appellant then brushed their buttocks with a fireplace tool. L.O. admitted that she first informed police of this incident in 2006.
 {¶ 10} L.O. testified that she realized that the incidents were wrong in the sixth grade when she was about 11 or 12 years old. She finally told her guidance counselor, Renee Wargo, of the abuse when L.O. was in the seventh grade. In response, Wargo informed a social worker and the police. Subsequently, L.O. told the police of the incidents.
 {¶ 11} L.O.'s mother, however, did not believe L.O.'s allegations against appellant, her husband. Shortly after hearing the allegations, L.O.'s mother admitted L.O. to the hospital for psychiatric treatment. Eventually, L.O.'s mother divorced appellant and began to believe her daughter's allegations. Thereafter, L.O. was reunited with her mother and brother.
 {¶ 12} A.O., the brother of L.O., testified that appellant had also sexually abused him. Appellant objected to this testimony and the trial court overruled his objections.
 {¶ 13} A.O. recalled that the first instance of abuse occurred when he was *Page 6 
about nine years old and while the family resided at the Sunrise Cove Condominiums. A.O. explained that appellant called him into the living room and began masturbating in front of him. Appellant then verbally instructed A.O. to masturbate as well. A.O. testified that appellant and A.O. were alone in the residence at the time of the incident and that appellant told him not to tell anyone of the incident.
 {¶ 14} A.O. testified that the next incident also occurred at the Sunrise Cove residence. Appellant was sitting on the couch in the living room and directed A.O. to sit on top of him. Appellant then proceeded to have anal sex with A.O. A.O. testified that during this incident, he remembers his mother was not home and L.O. was in the area but not in the room where the alleged abuse occurred.
 {¶ 15} A.O. also recalled an incident that occurred while the family was living at the Greenwood Oval residence. He explained that appellant directed him to get on top of his sister, L.O., and have sex with her. When A.O. attempted to get on top of L.O., however, she started crying and the incident ceased at that time.
 {¶ 16} Another incident occurred late at night when both A.O.'s mother and L.O. were sleeping. A.O. explained that appellant performed anal sex on him. He testified that the incident went undetected by the girls because appellant was quiet and snuck around.
 {¶ 17} Finally, A.O. claimed that initially he did not tell anyone of the incidents because he was afraid appellant would hurt him or that he would upset his mother. In 2006, he came forward with his reports of abuse because he was no longer afraid; *Page 7 
appellant was in police custody and A.O.'s mother was divorced from appellant and now believed his sister's allegations of abuse.
 {¶ 18} Immediately following A.O.'s testimony, the trial court gave the jury the following instruction:
 {¶ 19} "All right, ladies and gentlemen, one instruction of law I have for you. You have heard this afternoon some evidence about the commission of other acts other than the offenses which this defendant is charged for this trial. That evidence was received only for a limited purpose. It was not received and you may not ultimately consider it to prove the character of the defendant in order to show that he acted in conformity and/or in accordance with that particular character.
 {¶ 20} "Now, during the deliberations, if you find that the evidence of these other acts is true and that Mr. Bess committed these acts you may consider that evidence only for the purpose of deciding whether it proves that the defendant's opportunity, preparation, intent, or purpose and/or plan to commit the offense charged in this trial was present. The evidence cannot be considered for any other purpose, okay? And I'll give that to you again at the end of the trial along with all the instructions of law."
 {¶ 21} After the presentation of the state's evidence, appellant moved for acquittal pursuant to Crim. R. 29(A) on all charges. A lengthy discussion then ensued, resulting in the state's dismissal of counts five through eight and count ten. Counts one through four and nine remained, however, and the trial court denied appellant's motion for acquittal as to these counts. The defense then rested its case *Page 8 
and renewed its motion for acquittal. The trial court again denied appellant's request.
 {¶ 22} Prior to deliberation, the trial court further instructed the jury as follows:
 {¶ 23} "Evidence was received about the commission of acts other than the offenses with which the defendant is charged in this trial. That evidence was received only for a limited purpose. It was not received and you may not consider it to prove the character of the defendant in order to show that he acted in conformity with that character. If you find that the evidence of other acts is true, and that the defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the defendant's motive, opportunity, intent, or purpose, preparation, or plan to commit the offense or offenses charged in this trial."
 {¶ 24} On April 4, 2008, the jury found appellant guilty of rape in violation of R.C. 2907.02 as charged in counts one through three of the indictment. Additionally, appellant was found guilty of gross sexual imposition in violation of R.C. 2907.05 as charged in counts four and nine.
 {¶ 25} On May 2, 2008, the trial court sentenced appellant to life imprisonment for each of counts one, two and three, as well as four years to ten years on counts four and nine. The court ordered all sentences to be served consecutively to each other. Five years of post release control was also imposed as well as a fine. Finally, appellant was classified as a Tier III offender.
 {¶ 26} Appellant now appeals and asserts one assignment of error for our review. Appellant's sole assignment of error states: *Page 9 
 {¶ 27} "The trial court erred when it failed to grant defendant-appellant's motion to exclude other act testimony."
 {¶ 28} Within this assignment of error, appellant maintains that the trial court erred in allowing A.O. to testify about alleged incidents of sexual abuse committed by appellant upon A.O. Appellant maintains that he was deprived of a fair trial because the admission of such evidence was used to improperly show that he has the propensity to commit sexual abuse.
 {¶ 29} Initially, we note that "the admission or exclusion of relevant evidence rests within the sound discretion of the trial court."State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus; see, also, State v. Bey, 85 Ohio St.3d 487, 490,1999-Ohio-283, 709 N.E.2d 484. Where an error in the admission of evidence is alleged, appellate courts do not interfere unless it can be demonstrated that the trial court clearly abused its discretion.State v. Maurer (1984), 15 Ohio St.3d 239, 265, 473 N.E.2d 768. An abuse of discretion is defined as a decision that is unreasonable, arbitrary, or unconscionable, rather than an error in law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 30} Generally, "an accused cannot be convicted of one crime by proving he committed other crimes or is a bad person." State v.Thornton (April 1, 1999), Cuyahoga App. No. 73232, citing State v.Jamison (1990), 49 Ohio St.3d 182, 552 N.E.2d 180. Consequently, "evidence of other crimes, wrongs or bad acts independent of, and unrelated to, the offenses for which a defendant is on trial is *Page 10 
generally inadmissible to show criminal propensity." Id. Evid. R. 404(B), however, permits exceptions in certain circumstances to the general rule against admissibility of prior bad acts.
 {¶ 31} Evid. R. 404(B) provides:
 {¶ 32} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 33} The admissibility of evidence of other acts is further limited in prosecutions for sexual offenses. State v. Decker (1993),88 Ohio App.3d 544, 548, 624 N.E.2d 350. Both the rape and gross sexual imposition statutes prescribe limits to the admissibility of evidence concerning other sexual acts by the defendant. R.C. 2907.02 (D) and2907.05 (E) state the following:
 {¶ 34} "Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59
of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."
 {¶ 35} R.C. 2945.59 provides: *Page 11 
 {¶ 36} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 37} The state contends, and the trial court determined, that A.O's testimony of the alleged sexual acts was admissible to prove appellant's scheme, plan, or system and opportunity in committing the crimes charged. In State v. Lowe, 69 Ohio St.3d 527, 1994-Ohio-345,634 N.E.2d 616, the Supreme Court of Ohio advised with the following:
 {¶ 38} "Other acts can be evidence of identity in two types of situations. First are those situations where other acts `form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment,' and which are `inextricably related to the alleged criminal act.'
 {¶ 39} "* * *
 {¶ 40} "Other acts may also prove identity by establishing a modus operandi applicable to the crime with which a defendant is charged. `Other acts forming a unique, identifiable plan of criminal activity are admissible to establish identity under Evid. R. 404(B).' `Other acts' may be introduced to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct, *Page 12 
identifiable scheme, plan, or system was used in the commission of the charged offense." While we held in [State v. Jamison (1990),49 Ohio St.3d 182, 552 N.E.2d 180] that `the other acts need not be the same as or similar to the crime charged,' the acts should show a modus operandi identifiable with the defendant.
 {¶ 41} A certain modus operandi is admissible not because it labels a defendant as a criminal, but because it provides a behavioral fingerprint which, when compared to the behavioral fingerprints associated with the crime in question, can be used to identify the defendant as the perpetrator. Other acts evidence is admissible to prove identity through the characteristics of acts rather than through a person's character. To be admissible to prove identity through a certain modus operandi, other-acts evidence must be related to and share common features with the crime in question." Id. at 531 (internal citations omitted).
 {¶ 42} In the case sub judice, as the alleged sexual acts committed by appellant upon both L.O. and A.O. are chronologically and factually similar occurrences, the other acts evidence is admissible to prove a common scheme, plan or system utilized by appellant.
 {¶ 43} In both situations, appellant took advantage of his special relationship as stepfather with L.O. and A.O. to gain their trust and facilitate sexual encounters. Additionally, both L.O. and A.O. testified that the acts of sexual abuse occurred during the same time period, from about 1982 to 1989, and at the same places, the Sunrise Cove Condominium and the Greenwood Oval residence. Finally, both testified that the instances of abuse occurred under the same circumstances; when *Page 13 
no one was home, everyone was sleeping, or when no one else was able to witness the acts. The aforementioned facts clearly indicate a distinct scheme, plan or system and the potential prejudicial nature of A.O.'s testimony is not sufficiently outweighed by its probative value.
 {¶ 44} Moreover, we also note that the court, at the conclusion of A.O.'s testimony and immediately prior to deliberation, instructed the jury that A.O.'s testimony should be considered only for the purpose of deciding whether it proves appellant's motive, opportunity, intent, or purpose, preparation or plan to commit the offenses charged in the trial, not to prove the character of appellant or that he acted in conformity with that character. Accordingly, we find the trial court did not abuse its discretion in overruling appellant's objections to the admission of the other acts testimony. Appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 14 
MARY J. BOYLE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] The victims are referred to herein by initials in accordance with this court's policy regarding non-disclosure of the identities of victims of sexual violence. *Page 1