Lanzinger, J.,
dissenting.
{¶ 33} I dissent because the majority’s broad interpretation of R.C. 2901.13(G) violates the rule of lenity set forth in R.C. 2901.04(A): “Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.”
{¶ 34} The majority opinion frankly admits: “As Bess argues, the word ‘prosecution’ could refer to a particular prosecution, that is, ‘[a] criminal proceeding in which an accused person is tried.’ Black’s Law Dictionary (8th Ed.2004) 1258. If ‘prosecution’ is defined this way, tolling occurs only when a person avoids prosecution for specific charges.” (Emphasis added.) Majority opinion at ¶ 19. Yet in spite of the fact that this is a reasonable construction of the statute, *358 the majority continues by adopting the more favorable position for the state— that is, the general fugitive-from-justice interpretation that applies to a federal statute, Section 1073, Title 18, U.S.Code.
{¶ 35} In enacting Section 1073, Title 18, U.S.Code, Congress elected to provide a number of different instances in which an alleged offender is deemed to be a fugitive from justice and may be prosecuted for fleeing. The language used in the federal statute suggests that Congress wanted the statute to be interpreted broadly, which it since has been. See United States v. Frank (C.A.3, 1988), 864 F.2d 992,1007.
{¶ 36} But R.C. 2901.13(G) tolls the statute of limitations when “the accused purposely avoids prosecution.” The word “accused” implies that the person already has been implicated in a crime by someone. The mental state of “purposely” is defined in R.C. 2901.22(A): “A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.” The statute of limitations also explains when a “prosecution” begins: “A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.” R.C. 2901.13(E). The tolling of the statute of limitations therefore begins when an alleged offender purposely flees the jurisdiction to avoid a particular indictment or information.
{¶ 37} The language chosen by the General Assembly comports with the position advanced by the defense: tolling occurs when a person avoids prosecution for specific charges. Although a case may be, and has been, made for the state’s alternative theory, I cannot subscribe to the idea that the limitations period is tolled for all crimes that an accused may have committed before the period that an accused avoids prosecution for a specific charge.
{¶ 38} Bess was convicted of three counts of rape and two counts of gross sexual imposition as a result of his stepdaughter’s accusations that were made in 1989. State v. Bess, 8th Dist. No. 91560, 2009-Ohio-2032, 2009 WL 1156970. He purposely avoided that prosecution. When Bess left, there was no thought of an investigation into possible crimes against his stepson. The stepson had been interviewed and had denied even the possibility that his sister’s accusations were true.
*359 William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.
David L. Doughten, for appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Brandon J. Lester, Deputy Solicitor, urging reversal for amicus curiae Ohio Attorney General.
Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant Public Defender, urging affirmance for amicus curiae Ohio Public Defender.
{¶ 39} Interpreting R.C. 2901.13(G) as suggested would not mean that an indictment or information would need to be filed against an accused before the statute of limitations would be tolled. The accused would need only know that an investigation is taking place or is likely to take place and that by leaving the jurisdiction, he or she is avoiding prosecution for that specific crime.
{¶ 40} Bess’s absence from Ohio never prevented or interfered with an investigation from proceeding on this matter, for there had been no accusation relating to crimes against his stepson. Bess could not have purposely avoided prosecution for alleged crimes that were unknown to authorities.
{¶ 41} A prosecution against a person based on evidence that is obtained almost 20 years after the alleged crime was committed is exactly the kind of prosecution the statute of limitations is designed to bar. Toussie v. United States (1970), 397 U.S. 112, 114-115, 90 S.Ct. 858, 25 L.Ed.2d 156 (a statute of limitations “protects] individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time”).
{¶ 42} R.C. 2901.13(G) cannot toll the statute of limitations for a prosecution that has not yet been commenced against an accused. I respectfully dissent.
Pfeifer, J., concurs in the foregoing opinion.