[Cite as *State v. Howell*, 2011-Ohio-3683.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 92827

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE HOWELL

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-510229
Application for Reopening
Motion No. 445701

**RELEASE DATE:**   July 25, 2011

**ATTORNEY FOR APPELLANT**

George Howell, pro se
Inmate No. A-561-889
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio    44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mary McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

EILLEN A. GALLAGHER, J.:

{¶ 1} In *State v. Howell*, Cuyahoga County Court of Common Pleas Case No. CR-510229, applicant, George Howell, was found guilty by a jury of: aggravated robbery with firearm and forfeiture specifications; two counts of felonious assault with firearm and forfeiture specifications; and having weapons while under disability with a forfeiture specification. This court affirmed that judgment in *State v. Howell*, Cuyahoga App. No. 92827, 2010-Ohio-3403. The Supreme Court of Ohio affirmed that judgment "on the

authority of *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768." *In re Cases Held for the Decision in State v. Hodge*, 128 Ohio St.3d 234, 2011-Ohio-228.

**{¶ 2}** Howell has filed with the clerk of this court an application for reopening. He asserts that appellate counsel was ineffective and did not assign as error the trial court's failure to hold a hearing "to examine the jury to determine misconduct that would cause a mistrial." Application at 3. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

**{¶ 3}** Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

**{¶ 4}** This court's decision affirming applicant's conviction was journalized on July 22, 2010. The application was filed on June 28, 2011, clearly in excess of the 90-day limit.

**{¶ 5}** Howell avers that he was unable to file a timely application because: "Appellate counsel failed to give me a copy of my trial transcripts * *

* ." Affidavit of George Howell, ¶1. In *State v. Day*, Cuyahoga App. No. 83138, 2004-Ohio-1449, reopening disallowed, 2010-Ohio-3862, the applicant's "assertions regarding his inability to secure transcripts through his appellate counsel * * * [were] not sufficient to establish good cause for failure to file a timely application for reopening." Id. ¶6. Likewise, we must also conclude that Howell's inability to gain access to his appellate transcript does not demonstrate good cause for failing to file a timely application.

{¶ 6} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See, also, *State v. Collier* (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed, 2005-Ohio-5797, Motion No. 370333; *State v. Garcia* (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed, 2005-Ohio-5796, Motion No. 370916.

{¶ 7} Additionally, on direct appeal, this court granted Howell leave to file a pro se brief. He filed a brief with a supplemental assignment of error. *State v. Howell*, Cuyahoga App. No. 92827, 2010-Ohio-3403, ¶1 and 41. "[T]he courts have repeatedly ruled that res judicata bars an application to

reopen when the appellant has filed a pro se brief." (Citations deleted.) *State v. Wright*, Cuyahoga App. Nos. 92594 and 95096, 2010-Ohio 243 and 2011-Ohio-733, reopening disallowed, 2011-Ohio-2657, ¶4. The fact that Howell filed a pro se brief and assignment of error on direct appeal provides a sufficient basis for denying reopening.

**{¶ 8}** As a consequence, Howell has not met the standard for reopening. Accordingly, the application for reopening is denied.

_____

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR