[Cite as *State v. Bess*, 2011-Ohio-5490.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 91560

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LARRY BESS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-243403
Application for Reopening
Motion No. 447252

**RELEASE DATE:** October 21, 2011

**ATTORNEY FOR APPELLANT**

David L. Doughten
4403 St. Clair Avenue
Cleveland, OH 44103

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Matthew E. Meyer
Asst. County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH   44113

MARY EILEEN KILBANE, A.J.:

**{¶ 1}** On August 29, 2011, the applicant, Larry Bess, applied, pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, to reopen this court's judgment in *State v. Larry Bess*, Cuyahoga App. No. 91560, 2009-Ohio-2032, in which this court affirmed Bess's convictions for three counts of rape and two counts of gross sexual imposition.   Bess argues that his appellate counsel did not properly argue "other acts evidence" and failed to raise ineffective assistance of trial counsel, the failure of the trial judge to conduct a hearing when a juror was dismissed during trial, the admission of a detective's testimony, and the variance between Grand Jury testimony and the testimony at trial.   For the following reasons, this court denies the application.

**{¶ 2}** App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the

decision unless the applicant shows good cause for filing at a later time. The August 2011 application was filed more than two years after this court's decision of April 30, 2009. Thus, the application is untimely on its face.

{¶ 3} Bess endeavors to show good cause by stating that his appellate attorney never told him that he could move to reopen his appellate case and that if he had known about the remedy he would have filed timely. However, the courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. *State v. Klein* (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 249260, affirmed (1994), 69 Ohio St.3d 1481; *State v. Trammell* (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 270493; *State v. Cummings* (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 292134; and *State v. Young* (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 266164. Ignorance of the law is no excuse

{¶ 4} Moreover, reliance on one's attorney also does not provide good cause for a late filing. In *State v. Lamar* (Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 263398, this court held that lack of communication with appellate counsel did not show good cause. Similarly in *State v. White* (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 249174 and *State v. Allen* (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 267054, this court rejected reliance on

counsel as showing good cause. In *State v. Rios* (1991), 75 Ohio App.3d 288, 599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 266129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse. Cf. *State v. Moss* (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 275838; *State v. McClain* (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 276811; and *State v. Russell* (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 282351.

{¶ 5} Moreover, the Supreme Court of Ohio in *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the ninety-day deadline for filing must be strictly enforced. In those cases the applicants argued that after the court of appeals decided their cases, their appellate counsels continued to represent them, and their appellate counsels could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule. Thus, Bess's misplaced reliance on his appellate counsel

and his ignorance of the law do not state good cause.

{¶ 6}  Accordingly, this court denies the application.

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
LARRY A. JONES, J., CONCUR