[Cite as *State v. Pruitt*, 2012-Ohio-94.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## Nos. 86707 and 86986

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL JARMAL PRUITT

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-451979
Application for Reopening
Motion No. 449412

**RELEASE DATE:** January 11, 2012

**FOR APPELLANT**
Michael Jarmal Pruitt
Inmate No. 474-441
Allen Correctional Inst.
P.O. Box 4501
Lima, OH   45802-4501

**ATTORNEYS FOR RESPONDENT**
William D. Mason
Cuyahoga County Prosecutor
By: Mary McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario, 8th Floor
Cleveland, OH 44113
SEAN C. GALLAGHER, J.:

{¶ 1} In *State v. Pruitt*, Cuyahoga County Court of Common Pleas Case No. CR-451979, applicant, Michael Jarmal Pruitt, pled guilty to and was convicted of attempted murder and having weapons while under disability.   This court affirmed that judgment in *State v. Pruitt*, Cuyahoga App. Nos. 86707 and 86986, 2006-Ohio-4106.   The Supreme Court of Ohio did not accept Pruitt's appeal for review.   *State v. Pruitt*, 111 Ohio St.3d 1494, 2006-Ohio-6171, 857 N.E.2d 1231.

{¶ 2} Pruitt has filed with the clerk of this court an application for reopening.   He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error on direct appeal two proposed assignments of error challenging the propriety of his guilty plea.   We deny the application for reopening.   As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."   App.R. 26(B)(2)(b) requires

that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶ 4} This court's decision affirming Pruitt's conviction was journalized on August 21, 2006. The application was filed on November 15, 2011, more than five years after journalization of this court's opinion and clearly in excess of the 90-day limit.

{¶ 5} Pruitt contends that his appellate counsel's statement in a letter that counsel "could find *no issues* to raise on appeal" and appellate "counsel's failure to advise him of the potential avenue for relief under App.R. 26(B)" constitute good cause for his delayed filing of the application for reopening. Application, Appendix 3 (emphasis in original) and page 3, respectively. It is well established, however, that reliance on counsel and asserting that appellate counsel did not inform the appellant regarding filing an application for reopening under App.R. 26(B) do not establish good cause for the untimely filing of an application for reopening. *E.g.*, *State v. Bess*, Cuyahoga App. No. 91560, 2009-Ohio-2032, reopening disallowed, 2011-Ohio-5490, ¶3-4. Likewise, in this case, Pruitt's contention that he relied on appellate counsel's analysis of his case and that appellate counsel did not inform him of the possibility of filing an application for reopening do not demonstrate good cause for the delay in filing this application.

{¶ 6} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *E.g.*, *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, and *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Pruitt's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. *See also State v. Collier* (June 11, 1987),

Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333, and *State v. Garcia* (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916.

{¶ 7} As a consequence, Pruitt has not met the standard for reopening. Accordingly, the application for reopening is denied.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., AND
EILEEN A. GALLAGHER, J., CONCUR