[Cite as *State v. Alt*, 2012-Ohio-2054.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96289**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SUSAN ALT

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-527674
Application for Reopening
Motion No. 453869

**RELEASE DATE:**    May 9, 2012

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey, Esq.
Robey & Robey
14402 Granger Road
Cleveland, Ohio 44137

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Mary McGrath, Esq.
Assistant Prosecuting Attorney
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

In *State v. Alt*, Cuyahoga County Court of Common Pleas Case No. CR-527674, applicant, Susan Alt, pled guilty to 31 counts of a 96-count indictment arising from a mortgage fraud scheme. This court affirmed that judgment in *State v. Alt*, 8th Dist. No. 96289, 2011-Ohio-5393.

The Supreme Court of Ohio denied Alt's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Alt*,131 Ohio St.3d 1459, 2012-Ohio-648, 961 N.E.2d 1137 .

Alt has filed with the clerk of this court an application for reopening. She asserts that she was denied the effective assistance of appellate counsel because appellate counsel did not assign the ineffective assistance of trial counsel as error. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause

for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

This court's decision affirming applicant's conviction was journalized on October 20, 2011. The application was filed on April 4, 2012, clearly in excess of the ninety-day limit. Alt asserts that various circumstances constitute good cause for the delay in her filing the application for reopening.

She observes that she has been imprisoned since 2009 and has had minimal contact with appellate counsel. "In *State v. Lamar* (Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 263398, this court held that lack of communication with appellate counsel did not show good cause." *State v. Bess*, 8th Dist. No. 91560, 2009-Ohio-2032, reopening disallowed, 2011-Ohio-5490, ¶ 4. "Minimal contact" also does not demonstrate good cause.

Alt also states that she did not receive copies of the notice of appeal and briefs filed in her direct appeal. "It is well-established that 'inability to access the record,' reliance on counsel as well as the failure of appellate counsel 'to communicate with [applicant] and provide him with necessary records' do not provide a basis for finding that an applicant has good cause for the untimely filing of an application for reopening. Application, at 3-4." (Citation omitted.) *State v. Morgan*, 8th Dist. No. 55341, (Mar. 16, 1989), reopening disallowed, 2007-Ohio-5532, ¶ 7. See also *State v. Howell*, 8th Dist. No. 92827, 2010-Ohio-3403, reopening disallowed, 2011-Ohio-3683 (appellate

counsel's failure to give applicant a copy of trial transcripts is not good cause). Appellate counsel's failure to send copies of the notice of appeal and appellate briefs to Alt is comparable to the lack of access to other court records experienced by other applicants. That is, the fact that appellate counsel did not provide Alt the notice of appeal and briefs in the direct appeal does not establish good cause for the delay in filing the application for reopening.

Alt indicates that she never received a copy of this court's decision on her direct appeal. The failure of appellate counsel to notify a defendant-appellant of the judgment of the court of appeals is not good cause for the untimely filing of an application for reopening. *See State v. Mitchell*, 8th Dist. No. 88977, 2007-Ohio-6190, reopening disallowed, 2009-Ohio-1874.

She also states that appellate counsel never informed her of the option of filing an application for reopening under App.R. 26(B). "It is well established, however, that reliance on counsel and asserting that appellate counsel did not inform the appellant regarding filing an application for reopening under App.R. 26(B) do not establish good cause for the untimely filing of an application for reopening." (Citation omitted.) *State v. Pruitt*, 8th Dist. Nos. 86707 and 86986, 2006-Ohio-4106, reopening disallowed, 2012-Ohio-94, ¶ 5. Similarly, the failure of Alt's appellate counsel to inform her of the option of filing an application for reopening is not good cause for the untimely filing of her application.

Alt complains that she did not learn that she could seek reopening until she engaged new counsel. As the authorities above indicate, however, Alt's reliance on appellate counsel does not establish good cause for the untimely filing of her application.

As the discussion above demonstrates, none of the circumstances asserted by Alt constitutes good cause.

The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *See, e.g., State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, and *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. *See, e.g., State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898, reopening disallowed, 2012-Ohio-349.

Accordingly, the application for reopening is denied.

_____
KATHLEEN ANN KEOUGH, JUDGE


MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR