[Cite as *State v. Jeffries*, 2019-Ohio-4255.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 106889 |
| v. | : | |
| MAIKIA JEFFRIES, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** October 16, 2019

Cuyahoga County Court of Common Pleas
Case No. CR-16-610609-A
Application for Reopening
Motion No. 530238

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Maikia Jeffries, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} On July 15, 2019, the applicant, Maikia Jeffries, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Jeffries,* 8th Dist. Cuyahoga No. 106889,

2018-Ohio-5039, in which this court affirmed his convictions for two counts of kidnapping and two counts of gross sexual imposition. Jeffries now claims that his appellate counsel should have argued that the admission of the social worker's testimony and his trial counsel's ineffective cross-examination of his daughter denied Jeffries his Sixth Amendment right to confrontation pursuant to *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[1] The state filed its brief in opposition on August 2, 2019, and Jeffries filed a reply brief on August 16, 2019. For the following reasons, this court denies the application.

{¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The July 2019 application was filed approximately seven months after this court's December 13, 2018 decision. Thus, it is untimely on its face.

{¶ 3} To show good cause, Jeffries argues that his appellate counsel failed to send him the case records, including the transcript, until after the 90-day period had lapsed. He continues that the right to a transcript flows from the Sixth Amendment right to proceed pro se. *Green v. Brigano,* 123 F.3d 917 (6th Cir.1997). Thus, the failure to have a transcript necessarily states good cause. He also argues that he timely filed the application pursuant to App.R. 26(B)(5), which provides that

---

[1] During a bench trial, Jeffries's daughter testified that Jeffries had sexually abused her four times. A social worker also testified as to what the daughter had told her. Appellate counsel argued that the trial court abused its discretion in permitting the social worker to testify about the daughter's hearsay statements.

the application to reopen shall be granted if there is a genuine issue as to whether the applicant was deprived of the  effective assistance of appellate counsel.

{¶ 4} The court is not persuaded that these reasons state good cause. Generally, reliance on one's counsel does not state good cause for untimely filing.  In *State v. Mitchell,* 8th Dist. Cuyahoga No. 88977, 2009-Ohio-1874, and *State v. Alt,* 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054, this court held that counsel's failure to inform the appellant of this court's decision was not good cause.  Similarly, ignorance of the court's decision does not state good cause. *State v. West,* 8th Dist. Cuyahoga No. 92508, 2010-Ohio-5576.  This court has ruled that an attorney's conduct in accepting a retainer to file an App.R. 26(B) application but then never doing so did not state good cause*. State v. Wilcox*, 8th Dist. Cuyahoga No. 96079, 2013-Ohio-2895, and *State v. Logan,* 8th Dist. Cuyahoga No. 63943, 2000 Ohio App. LEXIS 5327 (Nov. 14, 2000).

{¶ 5} Delays in obtaining the transcript also do not provide good cause. This court rejected that argument ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." *State v. Towns,* 8th Dist. Cuyahoga No. 71244, 2000 Ohio App. LEXIS 2030, *3 (May 4, 2000).  Furthermore, a refusal of an attorney to send a copy of the transcript does not state good cause.  In *State v. Rudd,* 8th Dist. Cuyahoga No. 102754, 2018-Ohio-1383, the applicant alleged that he had to file a grievance against his attorney to obtain a copy of the transcript, and this court held that Rudd had not shown good

cause. In *State v. Alt*, 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054, and *State v. Day*, 8th Dist. Cuyahoga No. 83138, 2010-Ohio-3862, this court ruled that the inability to secure transcripts through appellate counsel does not state good cause.

{¶ 6} Jeffries's reliance on *Green* is misplaced. In that case, the federal court addressed the problem of not having a transcript for the direct appeal. Ohio law is clear. For purposes of App.R. 26(B) and *Murnahan*, delays in obtaining or the absence of a transcript or other records do not provide good cause for an untimely filing.

{¶ 7} The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B).

{¶ 8} Jeffries's claim that his application is timely because he has raised a genuine issue concerning the effectiveness of appellate counsel is also not well taken.

This court rejected that argument in *State v. Howard,* 8th Dist. Cuyahoga No. 97695, 2016-Ohio-8298. In that case, Howard argued that it would be unjust to deny an application to reopen because of a procedural defect when a genuine issue is shown. Howard cited to older cases upholding such a position. This court ruled that those earlier cases are no longer reliable in light of *Gumm* and *LaMar.* The Supreme Court of Ohio made it very clear that an applicant must show extraordinary reasons for not filing timely. The claim of a "dead bang winner" is not enough. *State v. Porter,* 8th Dist. Cuyahoga No. 102257, 2018-Ohio-1178, and *State v. Willis,* 8th Dist. Cuyahoga No. 101052, 2018-Ohio-159.

{¶ 9} Accordingly, this court denies the application to reopen.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR