[Cite as *State v. Grimes*, 2024-Ohio-1157.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                            No. 110925

v.                               :

JEFFREY GRIMES,                  :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** March 25, 2024

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-19-639447-B and CR-20-650118-A
Application for Reopening
Motion No. 570480

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Jeffrey Grimes, *pro se*.

ANITA LASTER MAYS, P.J.:

{¶ 1} On December 15, 2023, the applicant, Jeffrey Grimes, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Grimes,* 8th Dist. Cuyahoga No.

110925, 2022-Ohio-4526, in which this court affirmed his convictions for multiple counts of rape with sexually violent predator specifications, sexual battery with sexually violent predator specifications, pandering sexually oriented matter involving a minor, and single counts of corrupting another with drugs, trafficking in drugs, and drug possession. Grimes now asserts that his appellate counsel was ineffective for not arguing (1) that the trial court did not make the necessary findings to impose consecutive sentences and (2) that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence, because he did not personally engage in sexual acts with his underage son. On January 16, 2024, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

{¶ 2} The evidence at trial showed that Grimes through supplying his 15-year-old son with drugs and alcohol and through force and threat of force compelled his girlfriend to engage in sexual conduct with his underage son. Furthermore, Grimes video recorded these acts, which show him engaging in sexual conduct with his girlfriend at the same time. The girlfriend testified about Grimes's physical aggression towards her and his threats if she did not engage in sexual acts with the son. Grimes's ex-wife and the mother of the son also testified to Grimes's angry nature and the fear he engendered. Grimes admitted this in an interrogation that the police recorded. The jury convicted Grimes on all charges, and the judge imposed an aggregate sentence of 65 years to life.

{¶ 3} Grimes's initial counsel contacted Grimes about the appeal and filed a brief. However, that attorney died before oral argument. This court appointed new counsel who filed a new brief raising two assignments of error: (1) The trial court erred in allowing evidence of Grimes's anger and threats in violation of Evid.R. 404(B) and (2) Without the improper evidence, the convictions were against the manifest weight of the evidence. This court affirmed the convictions on December 15, 2022.

{¶ 4} App.R. 26(B)(1) and (2) require applications claiming ineffective assistance of appellate counsel to be filed with 90 days from journalization unless the applicant shows good cause for filing at a later time. In the present case, Grimes filed his application one year after this court journalized its decision. Thus, it is untimely on its face.

{¶ 5} In an effort to show good cause, Grimes proffers that his second appellate counsel never contacted him about the appointment, the new brief, or the decision. He claims he only learned of this court's decision when he received a letter in October 2023, from a random attorney saying he read his appeal decision and wanted to help him.

{¶ 6} However, the failure of appellate counsel to communicate with a client does not state good cause. In *State v. Mitchell*, 8th Dist. Cuyahoga No. 88977, 2009-Ohio-1874, ¶ 5, this court ruled that the failure to properly notify a client in a timely manner about the outcome of the appeal does not state good cause. This court reaffirmed that principle in *State v. West*, 8th Dist. Cuyahoga No. 92508,

2010-Ohio-5576, and *State v. Alt*, 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054. Similarly, the lack of notice from the clerk about the decision does not state good cause. *Newburgh Hts. v. Chauncey*, 8th Dist. Cuyahoga No. 75465, 2000 Ohio App. LEXIS 6261 (Oct. 20, 2000).

{¶ 7} Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, Grimes's misplaced reliance on his appellate counsel and the clerk do not state good cause.

{¶ 8} Moreover, his proposed assignments of error are unpersuasive. The trial court made the necessary findings to impose consecutive sentences at the sentencing hearing and in the sentencing order. (Tr. 1048-1049 and the January 28, 2021 journal entry.) As to his argument that he could not be convicted on the

sex charges because he did not personally engage in sexual conduct with his son, this court noted in its opinion that the jury was instructed on Ohio's complicity law that allows a defendant to be found guilty and punished as if he were a principal offender. Furthermore, this court in considering appellate counsel's argument that if the improper evidence were excluded, then the conviction would be against the manifest weight of the evidence, noted that even when a substantial right is impacted and after excluding the impermissible evidence, if there is overwhelming evidence of guilt, then the admission of evidence may be deemed harmless. This court then concluded that in applying this standard to the record before this court, the admission was harmless.

{¶ 9} Accordingly, this court denies the application to reopen.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MICHAEL JOHN RYAN, J., CONCUR