[Cite as *State v. Haynik*, 2025-Ohio-1363.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                No. 111769

v. :

LARRY HAYNIK, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** April 14, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-648064-A
Application for Reopening
Motion No. 581812

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chauncey Keller, Assistant Prosecuting Attorney, *for appellee*.

Larry Haynik, *pro se*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Larry Haynik has filed an application for reopening pursuant to App.R. 26(B). Haynik is attempting to reopen the appellate judgment rendered in

*State v. Haynik*, 2023-Ohio-717 (8th Dist.), which affirmed his conviction and sentence for the offense of rape (R.C. 2907.02(A)(2)). We decline to reopen Haynik's appeal.

{¶ 2} App.R. 26(B)(2)(b) requires that Haynik establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants," State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 2004-Ohio-4755, ¶ 7. *See also State v. Lamar*, 2004-Ohio-3976; *State v. Cooey*, 73 Ohio St.3d 411 (1995); *State v. Reddick*, 72 Ohio St.3d 88 (1995).

{¶ 3} Herein, Haynik is attempting to reopen the appellate judgment that was journalized on March 9, 2023. The application for reopening was not filed until February 7, 2025, more than 90 days after journalization of the appellate judgment in *Haynik*. Haynik has not presented any viable reasons to establish good cause for the untimely filing of his application for reopening. *State v. Black*, 2020-Ohio-3278 (8th Dist.); *State v. Campbell*, 2018-Ohio-3494 (8th Dist.); *State v. Harris*, 2018-Ohio-839 (8th Dist.). It is also well established that reliance on counsel and asserting that appellate counsel did not inform the appellant regarding filing an application for reopening under App.R. 26(B) does not establish good cause for the untimely filing of an application for reopening. *State v. Pruitt*, 2012-Ohio-94 (8th Dist.); *State v. Howell*, 2011-Ohio-3683 (8th Dist.). In addition, this court has held that an attorney's conduct in accepting a retainer to file an App.R. 26(B) application, but then never doing so, does not state good cause. *State v. Jeffries*, 2019-Ohio-4255 (8th Dist.); *State v. Wilcox*, 2013-Ohio-2895 (8th Dist.); and *State v. Logan*, 2000 Ohio App. LEXIS 5327 (8th Dist. Nov. 14, 2000).

{¶ 4} Finally, the Supreme Court of Ohio has opined that good cause cannot excuse the lack of timely filing for an indefinite period of time:

> Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. *See State v. Hill* (1997), 78 Ohio St. 3d 174, 1997-Ohio-293, 677 N.E.2d 337; *State v. Carter* (1994), 70 Ohio St.3d 642,

1994-Ohio 55, 640 N.E.2d 811. We specifically reject [applicant's] claim that "once an applicant has established good cause for filing more than ninety days after journalization * * *, it does not matter when the application is filed."

*State v. Fox,* 83 Ohio St.3d 514 (1998). *See also State v. Davis*, 86 Ohio St.3d 212 (1999).

{¶ 5} Almost two years have elapsed since we rendered our appellate opinion that affirmed Haynik's conviction and sentence for the offense of rape. Thus, we find that even if good cause was established, the time for filing an application for reopening has long passed. *State v. Williams*, 2019-Ohio-4780 (8th Dist.); *State v. Churn*, 2019-Ohio-4052 (8th Dist.); *State v. Marshall*, 2019-Ohio-1114 (8th Dist.); *State v. McCornell*, 2015-Ohio-3764 (8th Dist.).

{¶ 6} Accordingly, we find that Haynik has failed to establish good cause for the untimely filing of his application for reopening.

{¶ 7} Application denied.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
DEENA R. CALABRESE, J., CONCUR

KEYWORDS:

App.R. 26(B) application for reopening; App.R. 26(B)(2)(b) 90-day period to file timely application; untimely filed; failure to establish good cause for untimely filing of application; good cause not applied for an indefinite period of time.

The applicant has filed an App.R. 26(B) application for reopening beyond the 90-day period for filing a timely application per App.R. 26(B)(2)(b).  The applicant has failed to establish good cause for the untimely filing of the application for reopening.