The STATE of Ohio, Appellee,

v.

DECKER, Appellant.

[Cite as *State v. Decker* (1993), 88 Ohio App.3d 544.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–920524, C–920525.

Decided July 7, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Stephen J. Wenke,* Assistant Prosecuting Attorney, for appellee.

*Herbert E. Freeman,* for appellant.

---

DOAN, Presiding Judge.

Defendant-appellant John L. Decker was charged with several crimes in two separate indictments. In case No. B–905610, Decker was charged with two counts of gross sexual imposition in violation of R.C. 2907.05. In case No. B–915233, Decker was charged with one count of rape in violation of R.C. 2907.02, one count of sexual battery in violation of R.C. 2907.03, and four counts of gross sexual imposition in violation of R.C. 2907.05. Prior to trial, counts five and six in case No. B–915233, which charged Decker with gross sexual imposition involving his daughter, were dismissed. The remaining counts proceeded to trial before a jury. The jury returned not-guilty verdicts on counts one and two in case No. B–915233, which charged Decker with rape and sexual battery involving his son Danny. However, the jury found Decker guilty of gross sexual imposition as charged in counts three and four in case No. B–915233 involving Danny, and as charged in counts one and two in case No. B–905610 involving two different girls. The trial court imposed a sentence of two years on each count in case No. B–905610 to be served consecutively, and two years on each count in case No. B–915233 to be served concurrently with each other and concurrently with the sentences in case No. B–905610. Decker then filed these appeals.

In each appeal, Decker raises two assignments of error. In these assignments of error, Decker alleges that the trial court erred in failing to grant his motion for separate trials for each indictment, and that his convictions are against the manifest weight of the evidence. These assignments of error are without merit and, therefore, the judgments of the trial court are affirmed.

In case No. B–905610, Decker was convicted on two counts of gross sexual imposition. The facts surrounding these offenses are as follows. On July 19, 1990, several children were at Decker's house watching television in the afternoon. While the children were watching television, Decker was in his bedroom lying down. At some point, Decker called two seven-year-old girls into his bedroom and asked them to close the door. He asked them to rub cocoa lotion over his body to help relieve the pain of a sunburn. Decker told the girls to rub the lotion on his penis, which they did. He then ejaculated.

Decker denied the accusations of the two girls. He stated that he had been sleeping and that the girls had asked if they could rub the cocoa lotion on his body. He permitted them to rub the lotion on his body because he was still

"half" asleep. Decker's common-law wife testified that she had been in the bedroom during this alleged incident, that the girls had asked if they could rub the lotion on Decker's body, and that she had retrieved the lotion from the bathroom for the girls. Both Decker and his wife denied that the girls ever touched Decker's penis.

In case No. B–915233, Decker was convicted on two counts of gross sexual imposition. The facts surrounding these offenses are as follows. In 1985, Decker was living with his first wife and their two children. At that time, Decker's son Danny was five years old. Danny stated that in the latter half of 1985, his father touched Danny's penis on several occasions, and that his father forced him to touch his father's penis on several occasions.

Decker denied his son's accusations. He then stated that his ex-wife and her boyfriend had indicated that they would ruin his life.

In the first assignment of error in each of his appeals, Decker asserts that the trial court erred in denying his motion for a severance of the indictments. At the trial level, Decker was represented by separate counsel for each indictment. Defense counsel on both indictments moved for separate trials on several occasions, including prior to trial and at the close of the prosecution's case. The trial court denied the motions every time that they were raised.

As the Supreme Court of Ohio stated in *State v. Thomas* (1980), 61 Ohio St.2d 223, 15 O.O.3d 234, 400 N.E.2d 401, joinder and the avoidance of multiple trials are favored for several reasons, including conserving time and expense, diminishing the inconvenience to witnesses, and minimizing the possibility of incongruous results in successive trials before different juries. Therefore, to prevail on a claim that the trial court erred in refusing to allow separate trials on different charges, an accused must affirmatively demonstrate "(1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial." *State v. Schaim* (1992), 65 Ohio St.3d 51, 59, 600 N.E.2d 661, 668, citing *State v. Torres* (1981), 66 Ohio St.2d 340, 20 O.O.3d 313, 421 N.E.2d 1288, syllabus.

To determine whether an accused has been prejudiced by the joinder of multiple offenses, a court must first determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct. *Schaim, supra,* 65 Ohio St.3d at 59, 600 N.E.2d at 669, citing *State v. Hamblin* (1988), 37 Ohio St.3d

153, 158–159, 524 N.E.2d 476, 481–482; *Drew v. United States* (C.A.D.C.1964), 331 F.2d 85.

■ The admissibility of other-acts evidence is carefully limited, particularly in prosecutions for sexual offenses. See *State v. Curry* (1975), 43 Ohio St.2d 66, 72 O.O.2d 37, 330 N.E.2d 720. Both the rape statute and the gross sexual imposition statute contain subsections that limit the admissibility of evidence of other sexual activity by the defendant. R.C. 2907.02(D) and 2907.05(D) provide:

"Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."

R.C. 2945.59 provides:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior to subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

■ Evidence of Decker's "other acts" as charged in the separate indictments would not have been admissible if these trials had been separated. Decker was charged with gross sexual imposition involving two young girls in case No. B–905610 for forcing them to rub cocoa lotion on his penis until he ejaculated. He was charged with rape and sexual battery for allegedly engaging in anal intercourse with his young son, and with gross sexual imposition for fondling his son's penis and for having his son fondle his penis in case No. B–915233. Decker denied his involvement in these acts completely. Therefore, Decker's "motive or intent, the absence of mistake or accident on his part, or [his] scheme, plan, or system in doing an act" was not material. See R.C. 2945.59. Furthermore, the "other acts" did not have "such a temporal, modal and situational relationship with the acts constituting the crime charged that evidence of the other acts discloses purposeful action in the commission of the offense in question." *State v. Burson* (1974), 38 Ohio St.2d 157, 159, 67 O.O.2d 174, 175, 311 N.E.2d 526, 529.

Evidence of Decker's "other acts" would not have been admissible in separate trials because it would have been offered merely to prove Decker's character in order to show that he acted in conformity therewith. See Evid.R. 404(B). Evidence of the alleged crimes against the two young girls would not have been admissible in a separate trial on the charges involving Decker's son; and evidence of the alleged crimes against Decker's son would not have been admissible in a separate trial on the charges involving the two young girls.

The Supreme Court of Ohio has written a specific two-prong test to determine whether an accused's right to a fair trial has been prejudiced by the joinder of offenses for trial. See *Schaim, supra.* Under that test, even though the joinder for trial of the charges in the two indictments returned against Decker allowed the jury to consider evidence that would not have been admissible if the charges had been severed for trial under the first prong, joinder of the indictments for trial was appropriate if the evidence of the crimes under each indictment was "simple and distinct" under the second prong. See *Schaim, supra.*

The crimes charged against Decker in the different indictments are indeed simple and distinct. Case No. B–905610 involved allegations from two girls living in Decker's neighborhood that Decker had asked them to rub cocoa lotion on his penis. Case No. B–915233 involved allegations from Decker's son that Decker had engaged in anal intercourse with his son, that Decker had fondled the son's penis, and that Decker had forced his son to fondle Decker's penis. The factual situation of each crime charged was easy to understand and was capable of segregation since the crimes charged involved different victims, different factual scenarios and different witnesses.

That the jury was capable of segregating the facts of the different crimes is further evidenced by the jury's verdicts. The jury returned verdicts of not guilty on the charges of rape and sexual battery as contained in case No. B–915233. The jury must have reasoned that insufficient evidence was presented by the prosecution on these crimes. However, the jury returned guilty verdicts on the remaining crimes charged under case No. B–915233 and all the crimes charged under case No. B–905610, determining that sufficient evidence was presented with respect to these charges.

Because the evidence of each crime charged in the separate indictments returned against Decker was "simple and distinct," Decker has failed to affirmatively demonstrate that his rights were prejudiced by the joinder of these crimes for trial. See *Schaim, supra.* Therefore, his claim that the trial court erred in refusing to allow separate trials on the different charges in the separate indictments is without merit.

■ Furthermore, to prevail on his claim that the trial court erred in refusing to separate the indictments for trial, Decker must demonstrate that he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against his right to a fair trial at the time his motion to sever was made, and that the trial court abused its discretion in refusing to separate the charges given that information. See *Schaim, supra.* Decker argued that the charges in the separate indictments involved distinctly different offenses with different victims, different witnesses and different factual situations; that the evidence relevant to the crimes charged in one indictment was not as strong as the evidence relevant to the crimes charged in the other indictment; and that the jury would use the "other acts" evidence as evidence of his criminal propensity. However, there is nothing in the record to indicate that the trial court was aware of the specific evidence that would be presented with respect to the different crimes charged, or that there would be any danger of the jury failing to segregate the evidence presented with respect to the different crimes charged. Cf. *Schaim, supra.* Given this information, the trial court did not abuse its discretion in refusing to sever the indictments for trial.

Decker has failed to demonstrate that his rights were prejudiced by the joinder of the two indictments returned against him for trial, or that the trial court abused its discretion in refusing to grant his motion to sever the indictments for trial. His first assignment of error in each appeal is, therefore, not well taken.

■ In the second assignment of error advanced in each of his appeals, Decker contends that his convictions were against the manifest weight of the evidence. In reviewing a claim that the judgment in a criminal case was against the manifest weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652; *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717. The discretionary power of an appellate court to grant a new trial on a claim that the judgment was against the manifest weight of the evidence should be exercised only in the exceptional case where the evidence weighs heavily against the conviction. *Tibbs v. Florida, supra; State v. Martin, supra.*

■ Decker was convicted on four counts of gross sexual imposition in violation of R.C. 2907.05. R.C. 2907.05(A)(4) provides as follows:

"No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact

with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

" * * *

"(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of such person."

Sufficient evidence was presented to establish that Decker had sexual contact with his son when his son was less than thirteen years old; that Decker caused his son to have sexual contact with him when his son was less than thirteen years old; and that Decker caused two girls in his neighborhood to have sexual contact with him when they were less than thirteen years old. Therefore, all the elements of R.C. 2907.05 were established with respect to each of the counts of gross sexual imposition on which Decker was convicted. Although Decker denied these accusations, we cannot say that the jury "lost its way" in believing the children's testimony over Decker's testimony. Decker's second assignment of error in each appeal is, therefore, without merit.

The judgments of the trial court are, accordingly, affirmed.

*Judgments affirmed.*

HILDEBRANDT, J., concurs.

M.B. BETTMAN, J., dissents.

MARIANNA BROWN BETTMAN, Judge, dissenting.

Defendant-appellant John L. Decker was charged with several sex offenses involving minors in two separate indictments. Case No. B–905610 involved conduct which occurred in 1990. Upon investigation of these charges, some old allegations from 1985, which had at the time apparently not resulted in any indictments, were revived and Decker was charged with six other sex offenses in case No. B–915233.

All of the offenses with which Decker was charged were consolidated into one trial.

In case No. B–905610, Decker was charged with two counts of gross sexual imposition involving two girls under the age of thirteen. The jury found Decker guilty of both these counts.

In case No. B–915233, Decker was charged with one count of rape of his son, one count of sexual battery of his son, two counts of gross sexual imposition of his son, and two counts of gross sexual imposition of his daughter. Before the trial began, the trial court dismissed the charges involving Decker's daughter. The

jury found Decker guilty of both counts of gross sexual imposition of his son, and not guilty of the charges of rape and sexual battery of his son.

The question presented for our review under Decker's first assignments of error is whether the trial court erred in allowing these cases to be tried together. Contrary to the conclusion reached by the majority, I believe that the trial court abused its discretion in allowing these charges to be joined for trial and I would, therefore, reverse the judgments of the trial court and remand these cases for new trials. Accordingly, I respectfully dissent.

While it is true that the law favors joinder and the avoidance of multiple trials, I find none of the reasons cited in *State v. Thomas* (1980), 61 Ohio St.2d 223, 15 O.O.3d 234, 400 N.E.2d 401, particularly compelling in this case. More important than matters of convenience in a case such as this, and central to the resolution of the assignment of error, is the potential prejudice to the defendant in trying two cases together which involve completely separate indictments. In no case is such an analysis more important than in cases involving allegations of sexual abuse of minors because of the natural, powerful, and completely understandable abhorrence that society has for those who commit such crimes.

An analysis of whether separate crimes should be severed for trial must begin with the requirements of *State v. Torres* (1981), 66 Ohio St.2d 340, 20 O.O.3d 313, 421 N.E.2d 1288. The court in *Torres* held that a defendant claiming error in the trial court's refusal to allow separate trials on different charges has the burden of showing that his rights were prejudiced. To do this he must do two things. First, "he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial." Then "he must demonstrate that the court abused its discretion in refusing to separate the charges for trial." *Torres, supra,* at syllabus.

Decker filed a motion to sever the charges several weeks before trial. He renewed this motion before the trial began, at the end of the state's case, and again at the close of all the evidence.

In support of his motion to sever, Decker informed the trial court that the charges in the two indictments involved distinctly different offenses with different victims, different witnesses and different crimes, thereby negating the common reasons given for justifying a joint trial. Decker also indicated to the court that the evidence surrounding the charges involving his son was much weaker than the evidence involving the neighborhood girls, and that the case involving his son involved questionable motives by the defendant's ex-wife which were clearly not present in the case involving the girls. In addition, Decker pointed out to the court the confusion that might have been caused by the presence of two defense attorneys, each representing him on one of the indictments. Finally, Decker

argued the danger of the jury using other acts as evidence of criminal propensity. The trial court, however, refused to sever the indictments for separate trials.

I find that Decker provided the trial court with sufficient information so that it could weigh the benefits of a joint trial against Decker's right to a fair trial, meeting the first part of the test in *Torres*.

The second and more difficult question that must be addressed is whether Decker demonstrated that the trial court abused its discretion in refusing to separate the charges for trial, and that his rights were prejudiced thereby. In answering this question, the Ohio Supreme Court has developed a test which has two parts: (1) whether evidence of the crimes from one trial would be admissible in the other trial if the cases were tried separately, and (2) whether the evidence of each crime is simple and distinct. *State v. Schaim* (1992), 65 Ohio St.3d 51, 59, 600 N.E.2d 661, 669, citing *State v. Hamblin* (1988), 37 Ohio St.3d 153, 158–159, 524 N.E.2d 476, 481–482; *Drew v. United States* (C.A.D.C.1964), 331 F.2d 85. I will refer to these as the "other acts" test and the "simple and distinct" test.[1]

In *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293, certiorari denied (1990), 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596, the Supreme Court articulated the "other acts" test and the "simple and distinct" tests. In *Lott*, the court held that while the state could use either test to defeat a claim of prejudicial joinder of the offenses, if the state could meet the "simple and distinct" test, it need not meet the admittedly stricter "other acts" test. *Id.*, 51 Ohio St.3d at 163, 555 N.E.2d at 298. In *Lott*, the court stated in the opinion, but not in the syllabus, that "when simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the nonadmissibility of evidence of these crimes as 'other acts' under Evid.R. 404(B)." *Id.* Despite this pronouncement, I find it significant that the "other acts" evidence in *Lott* would have been admitted in each case had they been tried separately.

In *State v. Mills* (1992), 62 Ohio St.3d 357, 582 N.E.2d 972, certiorari denied (1992), —— U.S. ——, 112 S.Ct. 3048, 120 L.Ed.2d 915, the court discussed this issue again, and reiterated that the state could use either the "other acts" test or the "separate and distinct" test to defeat a claim of prejudicial joinder. Once again the court held in the opinion, but not in the syllabus, that if the state could meet the "simple and distinct" test it need not meet the stricter "other acts" test. *Id.*, 62 Ohio St.3d at 362, 582 N.E.2d at 979. However, as in *Lott*, I find it

---

1. The Supreme Court actually uses the phrases "other acts" test and "joinder" test. See *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293. However, I prefer the phrase "simple and distinct" test rather than "joinder" test because it more accurately describes the test to be applied, and because the ultimate issue to be resolved is whether "joinder" was appropriate.

significant that evidence of the "other acts" would properly have been admitted in each case had they been separately tried.

I now come to the Ohio Supreme Court's decision in *Schaim, supra,* decided about eleven months after *Mills. Schaim* involved three separate sets of charges of various sex offenses involving three different victims, all tried together. Here the court wrote, again in the opinion and not in the syllabus:

"We begin with an analysis of whether the defendant was prejudiced by the joinder of the three different offenses at trial. When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of other crimes would be admissible even if the counts were severed, and (2) *if not,* whether the evidence of each crime is simple and distinct." (Emphasis added.) *Id.,* 65 Ohio St.3d at 59, 600 N.E.2d at 668.

This case appears to reverse the order and importance of the two tests. More important to me, in *Schaim,* unlike *Lott* and *Mills,* the evidence of the "other acts" *would not* have been admissible if the cases had been separately tried.

Despite the fact that in *Schaim,* as in *Lott* and *Mills,* the court stated that as long as the state can meet the "simple and distinct" test, it does not matter whether the state can meet the stricter "other acts" test, in my opinion it is clear, from a reading of the entire decision in *Schaim,* that the court placed far more emphasis on the "other acts" part of the test than on the "simple and distinct" part of the test.

In *Schaim, supra,* 65 Ohio St.3d at 59, 600 N.E.2d at 668, the court noted specifically that "[t]he admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. See *State v. Curry* (1975), 43 Ohio St.2d 66, 68, 72 O.O.2d 37, 38, 330 N.E.2d 720, 723. This danger is particularly high when the other acts are very similar to the charged offense, or of an inflammatory nature, as is certainly true in this case. The legislature has recognized the problems raised by the admission of other acts evidence in prosecutions for sexual offenses, and has carefully limited the circumstances in which evidence of the defendant's other sexual activity is admissible." See, also, R.C. 2907.02(D); R.C. 2907.05(D); R.C. 2945.59.

The court in *Schaim* discussed at length why evidence of the other crimes would not have been admissible if the cases had been severed for trial. The court then went on to state:

"It is evident that the joinder of these counts allowed the jury to consider significant amounts of other acts evidence that would not have been admissible if

the charges had been severed for trial. Instead of separate trials that carefully limited the admissibility of other acts evidence, the defendant was subjected to one trial where the jury was permitted to simultaneously consider the evidence of three different offenses. This was particularly prejudicial concerning the defendant's remaining conviction for gross sexual imposition because the evidence supporting this conviction is at best thin." *Id.* at 62, 600 N.E.2d at 670.

Then the court in *Schaim* stated in abbreviated and conclusionary fashion that since the testimony of the two daughters was similar, the crimes were not simple and distinct. Therefore, the court held that the defendant had demonstrated that he was prejudiced by the consolidated trial.

Using the same type of analysis in the case before this court, I would agree with the majority that evidence of the other acts would not have been admissible if the indictments against Decker had been tried separately.

However, applying the "simple and distinct" test exactly as the court did in *Schaim,* I find that that test was not met in the instant case because of the circumvention of the "other acts" testimony, the highly inflammatory nature of the offenses, and the bootstrapping effect of the strong evidence in the girls' case on the very weak, uncorroborated testimony in the son's case.

Using this approach compels reversal of this case in my opinion. However, I think that the better analysis, one which I believe is wholly justified when reading *Schaim* in its entirety, is to hold that if the "other acts" test cannot be met, it is an abuse of discretion to allow joinder of separate claims. Since the big picture is "will the defendant be prejudiced by joinder for trial of separate claims," in my opinion allowing the jury to hear evidence of other acts in a consolidated trial, which they would not be allowed to hear in separate trials *because of the inherent prejudice of such evidence* must be viewed as prejudicial to the defendant and joinder disallowed. It is my hope that in the event the Supreme Court has an opportunity to revisit this issue it will review *Schaim* in its entire context, and hold that if the "other acts" test cannot be met, the "simple and distinct" test need not be reached and joinder disallowed.

Finally, I note that in his second assignment of error in each of his appeals, Decker contends that his convictions were against the manifest weight of the evidence. Because I would hold that the trial court erred in refusing to sever the indictments for separate trials, I would not reach this issue. See App.R. 12(A)(1)(c).