[Cite as *State v. O'Connell*, 2020-Ohio-1369.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-180600 |
| | | C-180601 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1605877 |
| | | B-1802724 |
| vs. | : | |
| | | |
| DANIEL W. O'CONNELL II, | : | *O P I N I O N.* |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 8, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske,* Assistant Public Defender*,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   Evid.R. 404(B) exists to guard against the "propensity" inference—in other words, wielding past bad acts to prove action in conformity therewith, which facilitates a conviction based on prior conduct rather than the evidence at hand.  In this prosecution for rape and gross sexual imposition, the state presented evidence of allegations (not a conviction) that the defendant perpetrated similar conduct over 20 years earlier.  The state insisted that such actions constituted a common "plan" under Evid.R. 404(B), and the trial court agreed, admitting this evidence without any limiting instruction.  Our review convinces us that the trial court abused its discretion in this regard, and given the prominence of this evidence at trial (testimony the trial court described as "riveting"), we must reverse and remand for a new trial.

I.

{¶2}   Underlying this case is a trio of victims, each related to defendant-appellant Daniel O'Connell and each alleging that he sexually assaulted them at various times.   The allegations span decades and include conduct constituting gross sexual imposition and rape perpetrated against the victims while in Mr. O'Connell's care.   After some of these allegations came to light, Mr. O'Connell was indicted in 2017 on charges involving gross sexual imposition, felonious sexual penetration, and rape. The genesis of these indictments flowed from allegations of sexual abuse made by Mr. O'Connell's then nine-year-old daughter, K.O.  Divulging these allegations to her school counselor in 2016, K.O.'s accusations ultimately attracted the attention of the authorities, but she subsequently recanted.

{¶3}   Later, K.O. would return to her story, and she offered further disclosures of more abuse.  Eventually, these allegations prompted the state to revisit

2

sexual abuse claims lodged by another of Mr. O'Connell's daughters, T.P., and his cousin, K.L., years prior, which were not pursued at the time of their reporting. Therefore, the 2017 indictment also included one count each of rape and gross sexual imposition of T.P., along with one count of rape and one count of felonious sexual penetration based on K.L.'s allegations.

{¶4}  The state encountered problems with the prosecution as it related to K.L., since those assaults allegedly occurred in 1995, more than 20 years prior to the indictment and when Mr. O'Connell was younger than 15 years old.  He accordingly moved to dismiss, which the trial court eventually granted on statute of limitations and jurisdictional grounds.

{¶5}  Nevertheless, following Mr. O'Connell's motion to dismiss the counts related to K.L., the state tendered its "Notice of Intention to Use the Evidence," alerting the trial court of its intention to present K.L.'s testimony as evidence of "other acts" of the "same and similar conduct" to "show the defendant's scheme, plan and system for carrying out the sexual abuse" and "to show the defendant's intent, plan and motive," pursuant to R.C. 2945.59 and Evid.R. 404(B).  Approximately a month later, the state also marshalled a second indictment, based on further disclosures by K.O., charging three additional counts of rape.

{¶6}  As trial proceedings progressed, Mr. O'Connell objected to the state's request to introduce K.L.'s testimony, emphasizing the protections engrained in Evid.R. 404(B).  Defense counsel explained: "Your Honor, we're talking now about allegations that are over 20 years old. * * * And I believe that it is manifestly unfair * * * to pile on witnesses in an attempt to sway the jury[.]"  The trial court, however, ultimately deemed the testimony admissible because the conduct was "pretty much same and similar" to the charged offenses involving T.P. and K.O.

3

{¶7}   K.L., T.P., and K.O. all proceeded to testify at trial, describing the various instances of abuse they experienced.  Mr. O'Connell took the stand in his own defense, denying that he ever sexually abused his daughters or K.L.  During cross-examination, Mr. O'Connell endeavored to paint a conspiratorial portrait of his daughters, positing that the girls had spent time together during holiday family gatherings, enabling them an opportunity to collaborate on their accusations, egged on by other adults such as K.O.'s mother and T.P.'s grandmother.

{¶8}   The jury eventually convicted Mr. O'Connell on all but one charge, the rape of T.P.  Mr. O'Connell received five years on each of the three gross sexual imposition charges and four life sentences without the possibility of parole for each of the remaining rape charges, all to run consecutively.

{¶9}   From these convictions Mr. O'Connell now appeals, raising five assignments of error.  Mr. O'Connell challenges the trial court's admission of "other acts" evidence via K.L.'s testimony and the trial court's decision to allow written transcripts as evidentiary exhibits.  He also alleges ineffective assistance of counsel, attacks his convictions as against both the sufficiency and weight of the evidence, and criticizes his sentence as contrary to law.

II.

{¶10}  We begin with Mr. O'Connell's first assignment of error, which we find dispositive of this appeal.  In his first assignment of error, Mr. O'Connell maintains that the trial court erred in permitting K.L. to testify, as it violated the general prohibition on propensity evidence, i.e., introducing a defendant's past acts to prove that he or she committed a charged offense by acting in conformity with a character trait.  We address first the state's waiver argument before turning to the merits.

A.

{¶11} Before addressing the merits of this assignment of error, we consider the state's suggestion on appeal that Mr. O'Connell waived this challenge by failing to specifically object on Evid.R. 404(B) grounds. We find this unpersuasive, concluding that he properly preserved the error.

{¶12} Evid.R. 103(A)(1) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right * * * is affected; and * * * a timely objection * * * appears of record, stating the specific ground of objection, *if the specific ground was not apparent from the context*[.]" (Emphasis added.) Upon review, the record reveals that the context surrounding Mr. O'Connell's objection sufficed to supply the specific grounds for the objection— everyone understood that the state sought admission under this rule and that the defense objected. *Compare State v. Collins*, 9th Dist. Summit No. 22333, 2005-Ohio-2812, ¶ 14 ("While Appellant did not specifically cite Evid.R. 702(C) in his objection to [the witness's] testimony, the specific ground was apparent from the context of the testimony.") *with State v. Smith,* 2d Dist. Montgomery No. 21049, 2006-Ohio-4163, ¶ 43 (defendant's one-word objection insufficient to preserve error where "the specific ground would not have been apparent to the trial court from the context."). Underscoring the point, defense counsel stressed the temporal remoteness of K.L.'s allegations, arguing that the staleness of the two-decades old accusations factored into the admissibility calculus of Evid.R. 404(B). *See State v. Miller*, 2015-Ohio-519, 27 N.E.3d 564, ¶ 31 (8th Dist.), citing *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶ 191 (noting that temporal remoteness of 30-year-old threat and distinctness from the present circumstances "renders the other-acts evidence non-probative in this matter."); *State v. Moore*, 2012-Ohio-1958,

970 N.E.2d 1098, ¶ 88 (8th Dist.), citing *State v. Burson,* 38 Ohio St.2d 157, 159, 311 N.E.2d 526 (1974) ("[T]he prior act must not be too remote and must be closely related in time and nature to the offense charged.").

{¶13} Nor need we speculate on this point. Before admitting K.L.'s testimony, the parties debated its admission and its propriety under Evid.R. 404(B). After Mr. O'Connell's counsel voiced concerns over the evidence, the trial court recited the language of Evid.R. 404(B) verbatim. Later, when it ultimately admitted the evidence, the trial court concluded, "I think it's clearly 404(B)," to which defense counsel inquired "[s]o our objection is preserved for the record[?]" The court agreed: "Yes, yeah." The context surrounding the evidence's admission sufficiently indicated the grounds for the objection, obviating the need for defense counsel to explore these points further simply for preservation's sake.

B.

{¶14} Finding that Mr. O'Connell properly preserved his challenge, we turn to the merits of the evidentiary question, which we review for an abuse of discretion. *See State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 19. A trial court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably in determining the evidentiary issue at hand. *See State v. Hornschemeier*, 2012-Ohio-2860, 973 N.E.2d 779, ¶ 34 (1st Dist.), quoting *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 62.

{¶15} Evidence of an individual's "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evid.R. 404(B). The introduction of such evidence is limited in its admissible scope out of concern that an accused may be convicted simply because he or she is a bad person with a tendency to commit such acts, and also due to the risk

of tainting the jury's perspective. *See State v. Sellers*, 1st Dist. Hamilton No. C-140655, 2015-Ohio-4843, ¶ 13.

{¶16} Under certain circumstances, however, such evidence may be admissible for specific limited purposes, such as to demonstrate "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B); *see* R.C. 2945.59. But "[o]ther acts evidence is admissible only when it 'tends to show' one of the material elements in the charged offense and only when it is relevant to the proof of the accused's guilt for such offense." *State v. Cleaves*, 6th Dist. Wood No. WD-18-032, 2020-Ohio-133, ¶ 26, quoting *State v. Curry,* 43 Ohio St.2d 66, 68-69, 330 N.E.2d 720 (1975). And such exceptions must be construed against admissibility, as our Supreme Court reminds us: "Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." *State v. Broom*, 40 Ohio St.3d 277, 282, 533 N.E.2d 682 (1988); *Sellers* at ¶ 14 ("These exceptions are to be construed against admissibility, and the standard for determining admissibility is strict.").

{¶17} Mindful of that interpretive lens, in *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, the Ohio Supreme Court set forth a three-part analysis for consideration of admissibility of other-acts evidence:

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of

7

the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R. 403.

*Id.* at ¶ 20.

{¶18} Turning to the present case, in its notice of intention to use the "other acts" evidence, the state cited "scheme, plan, and system" and "intent, plan, and motive." On appeal, the state contends that "K.L.'s testimony exposed the plan used by [Mr.] O'Connell in perpetrating the offenses," demonstrating that he "would use the opportunity of being alone with a young female relative while in a position of power * * * to have sexual contact," and that this evidenced his "scheme" to exploit such victims. The state appears to use interchangeably "scheme," "system," and "plan" in its argument, but the thrust of the state's position appears to be couched in terms of demonstrating a "plan" of abuse. Pressed to clarify this point, the state at oral argument embraced the "plan" exception as its pathway to admissibility for this evidence.

{¶19} To establish a "plan," the state seizes on the commonality of these offenses, portraying the victims as "young family members over whom [Mr.] O'Connell used his position of authority for his own sexual interests," which justifies, in the state's eyes, the trial court's conclusion of "similar[ity]" of the acts. But our perusal of the trial testimony reveals nothing in the way of a plan for purposes of admissibility under Evid.R. 404(B). To demonstrate furtherance of a "plan," other acts must typically " 'form part of the immediate background of the crime charged, * * * where the * * * evidence plays an integral part in explaining the sequence of

8

events and is necessary to give a complete picture of the alleged crime.' " *State v. Wilkins*, 135 Ohio App.3d 26, 32, 732 N.E.2d 1021 (9th Dist.1999), quoting *State v. Thompson*, 66 Ohio St.2d 496, 498, 422 N.E.2d 855 (1981) (finding testimony from victim of rape committed by defendant 12 years prior inadmissible to demonstrate common scheme, plan, or system). Commission of similar offenses does not render such acts all part of the same "plan," particularly when the acts are separated by years, or in this case, decades. And on this point, the state offers nothing beyond evidence of the crimes themselves, which courts uniformly deem insufficient to establish a "plan" for Evid.R. 404(B) admissibility purposes. *See In re C.T.*, 2013-Ohio-2458, 991 N.E.2d 1171, ¶ 33 (8th Dist.) (allegations of engaging in certain sexual acts with a prior victim was "conduct that goes to an element of the rape offense itself, not a 'scheme,' 'plan,' or 'method.' "); *State v. McClellan*, 5th Dist. Stark No. 2017CA00193, 2018-Ohio-3355, ¶ 48 (other acts did not constitute evidence of grooming of victims but "rather of independent criminal sexual acts on the victim which are qualitatively the same as the charged offense[.]").

{¶20} This is not a case where the offenses reveal a particular modus operandi or some other link between them. Indeed, while they all constitute types of sexual abuse, the details certainly differ. For instance, K.L. testified that the abuse occurred when she was approximately eight years old, as Mr. O'Connell (then 14) babysat her. She recounts that he forced her to touch his penis, and that he committed an incident of digital vaginal penetration when he thought she was asleep. T.P., for her part, testified that Mr. O'Connell inappropriately touched her as he dried her off after a bath when she was three years old. With respect to K.O., she testified to various instances of abuse, including multiple incidents of rape when she was approximately six or seven years old. K.O. explained that these incidents

occurred as she slept in the family's shared bed during visits with Mr. O'Connell. Surveying the facts surrounding the alleged abuse, we fail to see how they "constituted a unique behavioral footprint" to evidence a plan. *See In re C.T.* at ¶ 33; *State v. Hernandez,* 8th Dist. Cuyahoga No. 108265, 2019-Ohio-5242, ¶ 32 (no evidence of preparation or plan where "[t]here were * * * differences between the frequency and type of the sexual assaults.").

{¶21} Nor do we see evidence of grooming from which a "plan" might be inferred. In *Williams*, the court found that the other acts evidence properly demonstrated "motive, preparation, and plan" of the accused because the prior act indicated that the accused "groomed" his victims to prepare them for sexual activity. *Williams,* 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, at ¶ 22. The defendant in that case befriended and mentored his victims, bought them gifts and paid them to do odd jobs at his home, which constituted evidence of the defendant's plan, motive, and preparation. *Id.* at ¶ 3, 22; *State v. Kaaz,* 12th Dist. Clinton No. CA2016-05-010, 2017-Ohio-5669, ¶ 44-45 (evidence demonstrated defendant's "intent, motive, preparation, and plan" who took "specific and repeated actions to groom and normalize sexual behavior, including showing [the victims] nude pictures, discussing genitalia, instructing them on sexual positions and gratification, as well as intimate touching and kissing."). Similar reasoning animated our decision in *State v. Smith,* 1st Dist. Hamilton No. C-170335, 2018-Ohio-4615, *appeal accepted*, 155 Ohio St.3d 1404, 2019-Ohio-943, 119 N.E.3d 432, in which the other acts evidence (despite temporal remoteness) tended to show evidence of grooming because the defendant showed each victim pornography and rubbed them with oil prior to the abuse. *Id.* at ¶ 11 (other acts evidence relevant to demonstrate motive and lack of accident).

10

{¶22} In contrast, the state presented no evidence that Mr. O'Connell "groomed" any of the victims, much less in the same manner. This case thus tracks more closely with *State v. Hernandez*, where the court rejected the state's contention that a victim's 20-plus-year-old abuse allegations demonstrated plan (or motive and preparation) absent evidence of grooming and when differences existed between the abusive encounters. The court explained that, though a familial relationship existed between the defendant and victims, there was no indication that he groomed the children prior to abuse and "[t]here were also differences between the frequency and type of the sexual assaults." *Hernandez* at ¶ 32.

{¶23} Nor does "us[ing] the opportunity to be alone with a young female relative" (as the state contends in its appellate brief) support evidence of a plan. *See In re C.T.,* 2013-Ohio-2458, 991 N.E.2d 1171, at ¶ 33 ("Finding an opportunity to be alone with another is a necessary part of engaging in sexual conduct[.]"). That is often just a necessary prerequisite of opportunity to commit the offense.

{¶24} On this record, if we accepted the state's argument, we would render Evid.R. 404(B) a hollow letter, as it would throw open the gates for any prior bad acts so long as they bore some similarity to the charged offenses and pave the way for the very propensity inference that it was designed to counteract.

{¶25} Finally, even if we broaden the aperture a bit, we also fail to see how the evidence could be admissible to demonstrate the two other grounds in the state's notice of intent, i.e., Mr. O'Connell's motive or intent. Here, Mr. O'Connell's intent was irrelevant given the age of the victims. *See State v. Decker,* 88 Ohio App.3d 544, 548, 624 N.E.2d 350 (1st Dist.1993), quoting R.C. 2945.59 ("[The defendant] denied his involvement in these acts completely. Therefore, [the defendant's] 'motive or intent * * * or [his] scheme, plan, or system in doing an act' was not material.");

*Hernandez,* 8th Dist. Cuyahoga No. 108265, 2019-Ohio-5242, at ¶ 29 (noting inherent intent to obtain sexual gratification from rape and gross sexual imposition of a child under 13 because consent not at issue). And other acts demonstrating motive must be " ' "of a character so related to the offense for which the defendant is on trial that they have a logical connection therewith and may reasonably disclose a motive or purpose for the commission of such offense." ' " *State v. Blankenburg,* 197 Ohio App.3d 201, 2012-Ohio-1289, 966 N.E.2d 958, ¶ 83 (12th Dist.), quoting *State v. Craycraft,* 12th Dist. Clermont Nos. CA2009-02-013 and CA2009-02-014, 2010-Ohio-596, ¶ 27, *rev'd on other grounds*, 128 Ohio St.3d 337, 2010-Ohio-6332, 944 N.E.2d 220, quoting *State v. Moore*, 149 Ohio St. 266, 78 N.E.2d 365 (1948), paragraph one of the syllabus. As already discussed, the other acts here, the alleged decades-old abuse of K.L., are not "of a character so related to the offense" as to have a logical connection to disclose Mr. O'Connell's purpose in committing the charged acts. Thus, we do not see where K.L.'s testimony "tended to show" any permissible Evid.R. 404(B) exception. *See Williams,* 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, at ¶ 22.

{¶26} This discussion largely resolves the first two *Williams* considerations because the evidence did not further any legitimate Evid.R. 404(B) purpose, and without that, we fail to see how it even satisfies basic relevancy concerns. Lest any doubt remain about how the state used the evidence at trial, the state laid that to rest in closing, all but conceding the propensity nature of this evidence:

> I ask you to first of all consider this; the likelihood that not one, not two, but three people are bringing allegations against the defendant, involving the same thing[.] * * * And if you think about * * * [K.L.] * * * she's not a victim in this indictment, I

12

brought her in simply so that you could just have more information that shows that these girls couldn't be making this up[.]

This is precisely the type of use of other acts evidence that Evid.R. 404(B) prohibits, i.e., inviting an impermissible inference that because Mr. O'Connell may have perpetrated a sexual offense against another female family member in the past, he therefore is guilty in the current case. *See State v. Patterson,* 5th Dist. Stark No. 2017CA00022, 2017-Ohio-8970, ¶ 31 ("[W]e find the admission of the evidence invited the jury to infer a lack of consent through the fact Appellant admittedly had engaged in sexual conduct without consent in the 2007 case."); *Hernandez* at ¶ 35 ("[N]oting the 25 year difference between when the abuse * * * allegedly occurred, we find no legitimate purpose for which the evidence was admitted * * * other than to show [the defendant] acted in conformity with his alleged past behavior."); R.C. 2945.59.

{¶27} Moreover, the trial court omitted any limiting instruction informing the jury that this evidence was "*not* being offered to prove [the defendant's] character," which can help mitigate the risk of unfair prejudice. *See Williams* at ¶ 23 (emphasizing significance of limiting instruction). And K.L.'s testimony, regarding alleged acts that occurred over 20 years ago, lacks temporal proximity to the present charged offenses. *See Hernandez* at ¶ 35 (noting 25-year span between other acts evidence and charged offenses); *State v. Tackett,* 11th Dist. Ashtabula No. 2018-A-0052, 2019-Ohio-5188, ¶ 54, quoting *Burson,* 38 Ohio St.2d at 159, 311 N.E.2d 526 (other acts evidence must have a " 'temporal, modal and situational relationship' " to the charged offense). Thus, we conclude that K.L.'s testimony was offered for no

13

legitimate purpose, but only to show that Mr. O'Connell acted in conformity with past behavior to commit the charged offenses.

{¶28} And as to *Williams*'s third prong, the probative value of the evidence here is substantially outweighed by the danger of unfair prejudice. *See Williams,* 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, at ¶ 24; Evid.R. 403. Again, we note that no jury instruction was administered to limit the scope of the jury's consideration of this evidence. *See Williams* at ¶ 24. Moreover, even with a limiting instruction, it may still prove insufficient to overcome the prejudice, especially in the context of sexual assault and child molestation because " 'evidence of these past acts poses a higher risk, on the whole, of influencing the jury to punish the defendant for the similar act rather than the charged act.' " *Hernandez* at ¶ 37, quoting *State v. Miley,* 5th Dist. Richland Nos. 2005-CA-67 and 2006-CA-14, 2006-Ohio-4670, ¶ 59.

{¶29} The other acts evidence here involved alleged prior sexual abuse by Mr. O'Connell on a young female family member during a case in which he faced allegations of sexual abuse from his two, young daughters, rendering the prejudicial impact fairly self-evident. *See Hernandez* at ¶ 38; *State v. Hart*, 2018-Ohio-3272, 118 N.E.3d 454, ¶ 40 (8th Dist.) (prejudice of other acts substantially outweighed the probative value despite limiting instruction, where acts where "strikingly similar" but similarities could be viewed simply as propensity evidence). As K.L.'s testimony assumed little relevance other than to demonstrate that Mr. O'Connell acted in conformity with an "alleged pattern of having committed prior acts of sexual abuse," its prejudicial effect substantially outweighed any probative value. *See Hernandez* at ¶ 36. That is particularly so since K.L. was an adult at the time she testified, and thus lent an adult's perspective (and credibility) to the accusations. Jurors often face a

difficult time in assessing credibility of child witnesses, and thus an adult's confirmation can set their minds at ease.

{¶30} Here the trial court deemed the other acts the "same" and "similar" to the charged acts, but that short-circuits the analysis under Evid.R. 404(B) and would risk reversing the strict presumption against admissibility for this caliber of evidence. *See State v. Green,* 90 Ohio St.3d 352, 369, 738 N.E.2d 1208 (2000), quoting *Broom*, 40 Ohio St.3d 277, 533 N.E.2d 682, at paragraph one of the syllabus (" '[T]he standard for determining admissibility of such evidence is strict.' "); *Broom* at 282 ("Neither the rule nor the statute contains the words 'like' or 'similar.' "); *Burson,* 38 Ohio St.2d at 158, 311 N.E.2d 526 (addressing other acts under R.C. 2549.59: "Such evidence is admissible, not because it shows that the defendant is crime prone, or even that he has committed an offense similar to the one in question, but in spite of such facts."). "The admissibility of other-acts evidence is carefully limited, particularly in prosecutions for sexual offenses." *Decker,* 88 Ohio App.3d at 548, 624 N.E.2d 350; *State v. Robinson*, 6th Dist. Lucas No. L-09-1001, 2010-Ohio-4713, ¶ 25 (same). Discerning no appropriate, permissible evidentiary use for K.L.'s testimony in the present case, we conclude that the trial court abused its discretion and erred in its admission.

### III.

{¶31} Having found the admission of K.L.'s testimony erroneous, we must now review for harmless error to determine if reversal is warranted. *See State v. Geary,* 2016-Ohio-7001, 72 N.E.3d 153, ¶ 11 (1st Dist.); Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."). Harmless error review requires: (1) that the defendant be prejudiced by the improper admission of the evidence, (2) that the appellate court believe the

15

error was not harmless beyond a reasonable doubt, and (3) upon excising the improper evidence, a determination whether the remaining evidence overwhelmingly supports the defendant's guilt. *See State v. Morris,* 141 Ohio St.3d 399, 2017-Ohio-5052, 24 N.E.3d 1153, ¶ 27-29.

{¶32} At trial, Mr. O'Connell testified in his own defense, expressly denying that the abuse of T.P. and K.O. occurred. In closing, the state capitalized on the corroborative effect of K.L.'s testimony to bolster the testimony of T.P. and K.O. and rebut Mr. O'Connell's assertions. The corroborative weight of an independent adult witness's testimony cannot be ignored, especially as K.O. had previously recanted her allegations against Mr. O'Connell and nearly 10 years elapsed since T.P. initially alleged her abuse in 2008 when she was three years old. The trial court referred to K.L.'s testimony as "riveting," and the prosecution implored the jury to remember K.L.'s testimony "when * * * trying to determine the credibility of [K.O.] and [T.P.] and trying to decide whether or not the [s]tate has proved its case beyond a reasonable doubt."

{¶33} Based on the foregoing, "there is a reasonable possibility that [K.L.'s] testimony contributed to [Mr. O'Connell's] convictions." *See State v. Harris,* 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 39; *Hart,* 2018-Ohio-3272, 118 N.E.3d 454, at ¶ 42 ("[T]he jury's determination was necessarily based on the victim's credibility vis-a-vis the defendant's version of the facts. In a 'he said/she said' case, where credibility is paramount, we cannot say that the erroneous admission of other acts evidence was harmless."). Therefore, we find that Mr. O'Connell suffered prejudice by the erroneous admission of K.L.'s testimony and that the error was not harmless beyond a reasonable doubt.

{¶34} And surveying the remaining evidence, we do not see that "overwhelming evidence of guilt" exists given the credibility battle at hand. *Patterson*, 5th Dist. Stark No. 2017CA00022, 2017-Ohio-8970, at ¶ 38; *see State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, 92 N.E.3d 821, ¶ 40, quoting *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 158 (in excising this testimony and surveying the strength of the remaining evidence, we note that the error may be harmless " 'if there is substantial other evidence to support the guilty verdict.' "). Like many sexual assault cases, this case involved no physical evidence of the abuse. Therefore, the state's case "hinged on the jury's determination of whose testimony was more credible"—Mr. O'Connell's or the victims'. *See Harris* at ¶ 43. And generally, reduction of evidence to credibility battles between witnesses falls short of overwhelming evidence of guilt for purposes of harmless error review. *See Patterson* at ¶ 38 ("In the instant case, there was not overwhelming evidence of guilt. The case turned solely on a determination of credibility[.]"); *State v. Cobia*, 1st Dist. Hamilton No. C-140058, 2015-Ohio-331, ¶ 22 (noting that entire case against the defendant rested on the victim's testimony and credibility, and that absent the improper other acts evidence the evidence of guilt was not strong); *State v. Hall,* 1st Dist. Hamilton Nos. C-170699 and C-170700, 2019-Ohio-2985, ¶ 25 (excising improper evidence reduced the state's case to a credibility battle between witnesses).

{¶35} For these reasons, we conclude that the erroneous admission of K.L.'s testimony cannot be brushed aside as "harmless error," thus entitling Mr. O'Connell to reversal and a new trial free from this prejudicial error.

IV.

{¶36} Based on our disposition of Mr. O'Connell's first assignment of error, this renders most of his remaining assignments of error moot. Because of double-

17

jeopardy concerns, however, we must still address his sufficiency of the evidence argument presented by his fourth assignment of error. *See State v. Ramirez,* Slip Opinion No. 2020-Ohio-602, ¶ 11, quoting *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) ("In assessing whether a criminal defendant can be retried, a guiding principle is that '[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.' "); *State v. Frederick,* 9th Dist. Wayne No. 18AP0005, 2020-Ohio-714, ¶ 19 ("While our resolution of [the defendant's] first assignment of error mandates reversal, we are compelled to address his sufficiency challenges due to the constitutional protection against double jeopardy."). Sufficiency of the evidence review requires us to construe all reasonable inferences in favor of the state, and determine whether any reasonable trier of fact could find that the state presented evidence to prove each of the essential elements of the offense beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶37} Mr. O'Connell insists that the lack of physical evidence of the abuse translates into insufficient evidence to sustain his conviction. We are not persuaded, however, as the state need not present corroborating physical evidence to meet its burden of proof. *See State v. Jeffries,* 2018-Ohio-2160, 112 N.E.3d 417, ¶ 72 (1st Dist.) (state not required to present corroborating physical evidence in rape cases); *State v. Lukacs,* 188 Ohio App.3d 597, 2010-Ohio-2364, 936 N.E.2d 506, ¶ 58 (1st Dist.) ("[N]o rule of law exists that a witness's testimony must be corroborated by physical evidence."); *State v. Nix,* 1st Dist. Hamilton No. C-030696, 2004-Ohio-5502, ¶ 67 (record contained more than sufficient evidence in the form of witness testimony to sustain the charges against the defendant).

{¶38} Contrary to Mr. O'Connell's assertion, T.P.'s and K.O.'s testimony alone, if believed, sufficed to maintain convictions independent of any physical corroboration. Here, our review of the record convinces us that the state met its burden regarding the sufficiency of the evidence. We accordingly overrule Mr. O'Connell's fourth assignment of error insofar as it relates to the sufficiency of the evidence.

V.

{¶39} In conclusion, we sustain Mr. O'Connell's first assignment of error, overrule his fourth assignment of error as it relates to the sufficiency of the evidence, and we decline to address his remaining assignments of error as they are moot. *See* App.R.12(A)(1)(c). We accordingly reverse the trial court's judgments and remand this matter for a new trial consistent with this opinion.

Judgments reversed and cause remanded.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry this date.